CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JIMMY L. NANCE, | ) | CASE NO. 7:96CV00334 |
| | ) | CASE NO. 7:92CR00135 |
| vs. | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA. | ) | By: James C. Turk |
| | ) | Senior United States District Judge |

Jimmy L. Nance, a federal inmate proceeding pro se, filed a pleading that he styles as "EMERGENCY MOTION TO REOPEN 1996 § 2255 MOTION FOR JUDICIAL ERROR BY THE HONORABLE JAMES C. TURK IN DENYING RELIEF." Nance also asserts that the court must expedite disposition of his motion and bring him to court in person for any hearing conducted in the matter. Upon review of the motion and the record, the court concludes that Nance's submission is properly construed and dismissed as a successive motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255.

Nance asserts that the court must reopen this long-closed § 2255 action, because the court erred in denying relief back in November 1996. Specifically, he contends that the court did not correctly decide his claim that the court was without jurisdiction to sentence him under a specific federal code section; that his sentence must be corrected immediately to time served; and that he must be released. Nance asserts that based on this clear error, the court has inherent authority to reopen his § 2255 action and grant him a new sentencing hearing.[1]

---

[1] To the extent that Nance is contending that the court has inherent jurisdiction to revisit a defendant's criminal sentence of imprisonment at any time, he is mistaken. See 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed" except in circumstances not present in Nance's case). See also Rule 35, Federal Rules of Criminal Procedure (court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government, or upon remand from court of appeals).

Regardless of the title Nance has affixed to his pleading, Nance's current motion seeks relief from a civil judgment in the manner authorized under Rule 60(b) of the Federal Rules of Civil Procedure in very limited and specific circumstances, including mistake, inadvertence, surprise, excusable neglect, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1) & (6). Such relief is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto Insur. Co., 993 F.2d 46, 48 (4th Cir. 1993). "Such circumstances will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005).

A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2255 action as without merit should be dismissed as a successive habeas petition to prevent defendants from using such a motion to circumvent the rule against successive § 2255 actions in § 2255(h). Id. at 531-32. Similarly, a motion which seeks to advance one or more substantive claims allegedly omitted from the initial § 2255 motion or to submit new evidence or argument in support of a claim raised in the prior § 2255 motion must also be construed and dismissed as a new, successive § 2255 motion. Id. Nance's current submission falls afoul of both of these successive petition rules. He seeks to reargue the jurisdiction claim that he presented in his initial § 2255 motion and to submit new argument in support of that claim.[2] Thus, his current motion must be denied as a motion for reconsideration and must instead be construed as a successive § 2255 motion under Gonzales. Id.

---

[2] Specifically, Nance argued in his initial § 2255 motion, as he argues here, that the court did not have jurisdiction to sentence him under 18 U.S.C. § 1111, because the federal government did not own the building in which the crime occurred. The court denied relief on this claim, finding that the court had separate grounds for subject matter under 18 U.S.C. § 1114, because the evidence established that the victim, a post mistress, was killed in the course of her duties at the time of the murder. (ECF No. 54-1, at 10.) Moreover, on appeal, the United States Court of Appeals for the Fourth Circuit expressly found "no reversible error" in the court's judgment denying relief under § 2255 and denied a certificate of appealability. See United States v. Nance, 107 F.3d 868 (4th Cir. 1997) (Table).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As stated, the defendant previously filed a § 2255 motion concerning this same conviction and sentence. As the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, the court must dismiss his current action without prejudice.

In conclusion, the court finds that Nance's motion seeking to reopen this closed § 2255 action must be denied as a motion for reconsideration and must instead be construed as a second § 2255 motion, and summarily dismissed as successive under § 2255(h). A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 21st day of November, 2011.

_____
Senior United States District Judge

3

Case 7:96-cv-00334-JCT-gc   Document 57   Filed 11/21/11   Page 3 of 3   Pageid#: 73